1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT
9                          EASTERN DISTRICT OF CALIFORNIA
10

11   SALLIE PERRIE,                              No.  14-cv-01872-TLN-EFB
12              Plaintiff,
13       V.                                      **ORDER GRANTING DEFENDANT'S
                                                 MOTION TO DISMISS WITH LEAVE TO
14   KENNETH ALLAN PERRIE,                       AMEND**
15              Defendant.
16

17          This matter is before the Court pursuant to Defendant Kenneth Allan Perrie's

18   ("Defendant") Motion to Dismiss the Complaint filed by Plaintiff Sally Perrie ("Plaintiff").  (ECF

19   No. 4.)[1]  Plaintiff filed an opposition to Defendant's Motion to Dismiss (ECF No. 9), and

20   Defendant filed a reply to the response (ECF No. 10).  The Court has reviewed and considered the

21   arguments raised.  For the reasons set forth below, the Court hereby GRANTS Defendant's

22   Motion to Dismiss.

23   ///

24

25   _____
     [1] Defendant requests that the Court take judicial notice of ECF No. 4, Exhibit A (the asset schedules from Plaintiff's
     bankruptcy case, filed in the United States Bankruptcy Court for the Eastern District of California), Exhibit B (the
26   Statement of Decision on the Perries' date of separation by the Superior Court for Nevada County, California) and
     Exhibit C (the Superior Court's Judgment on the date of separation).  This Court may take judicial notice of facts that
27   can be "accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R.
     Evid. 201(b)(2).  The Ninth Circuit has held that the proceedings and determinations of the courts are a matter of
28   public record suitable for judicial notice.  *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1198 (9th Cir. 1988).  The
     exhibits in question are court documents of public record.  Therefore, the request for judicial notice is GRANTED.

                                                    1

1        **I.        FACTUAL BACKGROUND**

2        Sally and Kenneth Allan Perrie (the "Perries") were married in 1982.  (ECF No. 1 at ¶ 52.)

3    In 1982, the Perries formed a game development company ("the company") to develop electronic

4    and table games for the casino industry.  (ECF No. 1 at ¶ 55.)  Plaintiff alleges that the Perries

5    acted as partners in the company for the development of games, and the exploitation of the

6    intellectual property thereof.  (ECF No. 1 at ¶ 56.)

7        "In or around the mid to late 1980's," Plaintiff suggested to Defendant that they develop

8    casino games based on popular board games.  (ECF No. 1 at ¶ 57.)  The company thereafter

9    focused on adapting popular board games to casino games ("the games").  (ECF No. 1 at ¶ 58.)

10    The Perries developed the games in the family's home from the mid 1980's until 1992, when

11    Defendant relocated away from the home.  (ECF No. 1 at ¶¶ 61–63.)  The development resulted

12    in fourteen patents for the adaptations of the board games Yahtzee, Monopoly, and Battleship

13    ("the patents").  (ECF No. 1 at ¶¶ 6–51.)  The Perries presented the game concepts to Milton

14    Bradley, the owner of the board games, in 1991.  (ECF No. 1 at ¶ 65.)

15        The Perries separated in 1994, at which point Defendant became the primary operator of

16    the business.  (ECF No. 1 at ¶¶ 74–77.)  In 1995, Defendant informed Plaintiff that a deal had

17    been made with Milton Bradley for name rights, and that Mikohn, Inc. would distribute the

18    games.  (ECF No. 1 at ¶ 74.)

19        In the late 1990's, Defendant filed applications for patents based on the games developed

20    in the period up to 1992.  (ECF No. 1 ¶ 81–82.)  The applications were filed in the name of

21    Defendant and a third party, but not Plaintiff.  (ECF No. 1 at ¶ 81–82.)  Plaintiff was not informed

22    of her rights or the distribution deal, and has not received any money generated from exploitation

23    of the patents.  (ECF No. 1 at ¶¶ 83–86.)

24        In either 2006 or 2007, the Perries formally filed for divorce.  (Ex. B at 37.)  Plaintiff

25    alleges that in the course of the divorce proceedings, she became aware that she had been omitted

26    as an inventor on the patents, that she was denied remuneration from the company, and that she

27    was denied an accounting of the proceeds from the company.  (ECF No. 1 at ¶¶ 110–12.)

28    Plaintiff filed for Chapter 7 bankruptcy in 2008.  (Ex. A at 3.)  The schedule of assets filed

1  pursuant to her bankruptcy case failed to disclose any pending causes of action or ownership of

2  patents, but it did list an ownership interest in the company valued at $0.  (Ex. A at 6–9.)

3      On August 8, 2014, Plaintiff filed a Complaint for Equitable Relief and Damages.  (ECF

4  No. 1.)  On October 31, 2014, Defendant filed the instant Motion to Dismiss.  (ECF No. 4.)

5      **II.    <u>STANDARD OF LAW</u>**

6      Federal Rule of Civil Procedure 8(a) requires that a pleading contain "a short and plain

7  statement of the claim showing that the pleader is entitled to relief."  *See Ashcroft v. Iqbal*, 556

8  U.S. 662, 678–9 (2009).  Under notice pleading in federal court, the complaint must "give the

9  defendant fair notice of what the claim . . . is and the grounds upon which it rests."  *Bell Atlantic*

10  *v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted).  "This simplified notice

11  pleading standard relies on liberal discovery rules and summary judgment motions to define

12  disputed facts and issues and to dispose of unmeritorious claims."  *Swierkiewicz v. Sorema N.A.*,

13  534 U.S. 506, 512 (2002).

14      On a motion to dismiss, the factual allegations of the complaint must be accepted as true.

15  *Cruz v. Beto*, 405 U.S. 319, 322 (1972).  A court is bound to give plaintiff the benefit of every

16  reasonable inference to be drawn from the "well-pleaded" allegations of the complaint.  *Retail*

17  *Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963).  A plaintiff need not allege

18  "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to

19  relief."  *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads

20  factual content that allows the court to draw the reasonable inference that the defendant is liable

21  for the misconduct alleged."  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. 544, 556 (2007)).

22      Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of

23  factual allegations."  *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir.

24  1986).  While Rule 8(a) does not require detailed factual allegations, "it demands more than an

25  unadorned, the defendant-unlawfully-harmed-me accusation."  *Iqbal*, 556 U.S. at 678.  A

26  pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the

27  elements of a cause of action."  *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678

28  ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory

3

1  statements, do not suffice.").  Moreover, it is inappropriate to assume that the plaintiff "can prove

2  facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not

3  been alleged[.]"  *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*,

4  459 U.S. 519, 526 (1983).

5       Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough

6  facts to state a claim to relief that is plausible on its face."  *Iqbal*, 556 U.S. at 697 (quoting

7  *Twombly*, 550 U.S. at 570).  Only where a plaintiff fails to "nudge[] [his or her] claims . . . across

8  the line from conceivable to plausible[,]" is the complaint properly dismissed.  *Id.* at 680.  While

9  the plausibility requirement is not akin to a probability requirement, it demands more than "a

10  sheer possibility that a defendant has acted unlawfully."  *Id.* at 678.  This plausibility inquiry is "a

11  context-specific task that requires the reviewing court to draw on its judicial experience and

12  common sense."  *Id.* at 679.

13       In ruling upon a motion to dismiss, the court may consider only the complaint, any

14  exhibits thereto, and matters which may be judicially noticed pursuant to Federal Rule of

15  Evidence 201.  *See Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988); *Isuzu

16  Motors Ltd. v. Consumers Union of United States, Inc.*, 12 F. Supp. 2d 1035, 1042 (C.D. Cal.

17  1998).

18       If a complaint fails to state a plausible claim, "'[a] district court should grant leave to

19  amend even if no request to amend the pleading was made, unless it determines that the pleading

20  could not possibly be cured by the allegation of other facts.'"  *Lopez v. Smith*, 203 F.3d 1122,

21  1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 484, 497 (9th Cir. 1995));

22  *see also Gardner v. Marino*, 563 F.3d 981, 990 (9th Cir. 2009) (finding no abuse of discretion in

23  denying leave to amend when amendment would be futile).  Although a district court should

24  freely give leave to amend when justice so requires under Rule 15(a)(2), "the court's discretion to

25  deny such leave is 'particularly broad' where the plaintiff has previously amended its

26  complaint[.]"  *Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir.

27  2013) (quoting *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004)).

28

4

### III.    ANALYSIS

Plaintiff brings this suit against Defendant seeking declaratory relief under 28 U.S.C. §§ 2201 and/or 2202, and alleging unjust enrichment, breach of fiduciary duty, and breach of express and implied contract.  (ECF No. 1 at 1.)

Defendant argues, *inter alia*, that Plaintiff lacks standing because her causes of action belong to her bankruptcy estate.  (ECF No. 4 at 2.)  Defendant also argues that the claims are precluded by judicial estoppel (ECF No. 4 at 7), barred by laches (ECF No. 4 at 11), barred by equitable estoppel (ECF No. 4 at 13), and the complaint lacks sufficient facts to state a claim. (ECF No. 4 at 15).  Because the Court finds Plaintiff lacks standing, the Court does not decide the remaining allegations.

#### A.    Standing

Article III of the Constitution requires federal courts to satisfy the "threshold question" of standing before reaching the merits of a claim.  *Nevada v. Burford*, 918 F.2d 854, 856 (9th Cir. 1990).  The first requirement to establish standing is an "injury in fact," defined as an "invasion of a legally protected interest."  *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560 (1992).

All "legal or equitable interests" of a debtor are ceded to the bankruptcy estate when bankruptcy proceedings are initiated.  11 U.S.C. § 541(a)(1).  Causes of action are included within the broad scope of property interests that belong to the bankruptcy estate.  *Sierra Switchboard Co. v. Westinghouse Elec. Corp.*, 789 F.2d 705, 707 (9th Cir. 1986) (citing *United States v. Whiting Pools, Inc.*, 462 U.S. 198, 205 n.9 (1983)).  Therefore, in the bankruptcy context the debtor will no longer have standing for a cause of action that belongs to the bankruptcy estate. *Turner v. Cook*, 362 F.3d 1219, 1225–26 (9th Cir. 2004); s*ee, e.g.*, *In re Engram*, 348 Fed. App. 305, 306 (9th Cir. 2009) (affirming dismissal by bankruptcy court because the cause of action belonged to the bankruptcy estate).  Instead, the trustee of the bankruptcy estate becomes the real party in interest with standing to sue or be sued on behalf of the estate.  11 U.S.C. § 323; *In re Eisen*, 31 F.3d 1447, 1451 n.2 (9th Cir. 1994).  However, the debtor may claim property as exempt from the bankruptcy estate by filing a list of property that will become exempt unless a party in interest objects.  11 U.S.C. § 522(l).

The facts of the instant case are analogous to those in *Cobb v. Aurora Loan Services, LLC*, 408 B.R. 351 (E.D. Cal. 2009). In *Cobb*, the court granted a motion to dismiss because the plaintiff did not have standing to prosecute a claim that belonged to the bankruptcy estate. *Id.* at 354. The plaintiff sought to prosecute a cause of action after filing for Chapter 7 bankruptcy. *Id.* The transaction from which the cause of action arose occurred prior to the plaintiff's filing for bankruptcy. *Id.* Therefore, the court found that the cause of action was property of the bankruptcy estate. *Id.* As a result, the plaintiff did not have standing to prosecute the claim because they were not a real party in interest, and the motion to dismiss was granted. *Id.* at 355.

Here, Plaintiff also seeks to prosecute causes of action after filing for Chapter 7 bankruptcy. Plaintiff filed for bankruptcy on July 1, 2008. (Ex. A at 3; ECF No. 4.) The period of game development from which the instant causes of action derive occurred between 1982 and 1994. (ECF No. 1 at ¶¶ 61–63.) As in *Cobb*, the transactions from which the causes of action arose took place prior to Plaintiff filing for bankruptcy. *Cobb*, 408 B.R. at 354.

Plaintiff alleges that she became aware of the causes of action "in light of the divorce proceedings." (ECF No. 1 at ¶¶ 110–12.) There is no specific date for the divorce proceedings, but facts suggest it occurred in 2007, prior to Plaintiff's bankruptcy. The bankruptcy filings state that Plaintiff began receiving alimony payments in 2007, which is indicative of divorce. (Ex. A at 24.)

Since the transactions occurred prior to filing for bankruptcy, and Plaintiff knew of the causes of action, those claims were transferred by operation of law to the bankruptcy estate in 2008. Thus, Plaintiff does not have standing to prosecute the instant claims because the claims belong to the bankruptcy estate. Therefore, the Motion to Dismiss must be GRANTED.

## IV.    CONCLUSION

For the reasons set forth above, Plaintiff's claims are barred for a lack of standing, and the Court hereby GRANTS Defendant's Motion to Dismiss (ECF No. 4). The Court is not convinced that Plaintiff can cure the deficiencies in the complaint through amendment. However, in the event that Plaintiff can allege facts that would support these claims being excluded from the

///

1 | ///

2 | bankruptcy estate, the Court shall allow Plaintiff the opportunity to file an amended complaint.

3 | Should Plaintiff elect to do so, it must be filed with this Court within twenty-one (21) days from

4 | the entry of this order.

5 |         IT IS SO ORDERED.

6 | Dated:  June 18, 2015

7 |

8 |                                       Troy L. Nunley

9 |                                     United States District Judge