UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALLIE PERRIE,<br><br>        Plaintiff,<br><br>    v.<br><br>KENNETH ALLAN PERRIE,<br><br>        Defendant. | No.  14-cv-01872-TLN-EFB<br><br>**ORDER** |

       This matter is before the Court pursuant to Defendant Kenneth Allan Perrie's ("Defendant") Motion to Dismiss the First Amended Complaint ("FAC") filed by Plaintiff Sally Perrie ("Plaintiff"). (ECF No. 13.)[1] Plaintiff filed an opposition to Defendant's Motion to Dismiss (ECF No. 14), and Defendant filed a reply (ECF No. 19). The Court has reviewed and considered the arguments raised. For the reasons set forth below, the Court hereby GRANTS Defendant's Motion to Dismiss.

**I.    FACTUAL BACKGROUND**

       Sally and Kenneth Allan Perrie (the "Perries") were married in 1982. (First Am. Compl.,

---

[1] The Court has already granted judicial notice pursuant to Federal Rule of Evidence 201(b)(2) for Exhibit A (the asset schedules from Plaintiff's bankruptcy case, filed in the United States Bankruptcy Court for the Eastern District of California), Exhibit B (the Statement of Decision on the Perries' date of separation by the Superior Court for Nevada County, California) and Exhibit C (the Superior Court's Judgment on the date of separation) presented in Defendant's Original Motion to Dismiss (ECF No. 4,) in the Order Granting Defendant's previous Motion to Dismiss. (ECF No. 12.)

ECF No. 13 at ¶ 52.)  In 1982, the Perries formed a game development company ("the company") to develop electronic and table games for the casino industry.  (ECF No. 13 at ¶ 55.)  Plaintiff alleges that the Perries acted as partners in the company for the development of games, and the exploitation of the intellectual property thereof.  (ECF No. 13 at ¶ 56.)

"In or around the mid to late 1980's," Plaintiff suggested to Defendant that they develop casino games based on popular board games.  (ECF No. 13 at ¶ 57.)  The company thereafter focused on adapting popular board games to casino games ("the games").  (ECF No. 13 at ¶ 58). The Perries developed the games in the family's home from the mid 1980's until 1992, when Defendant relocated away from the home.  (ECF No. 13 at ¶¶ 61–63.)  The development resulted in fourteen patents for the adaptations of the board games Yahtzee, Monopoly, and Battleship ("the patents").  (ECF No. 13 at ¶¶ 6–51.)  The Perries presented the game concepts to Milton Bradley, the owner of the board games, in 1991.  (ECF No. 13 at ¶ 65.)

The Perries separated in 1994, at which point Defendant became the primary operator of the business. (ECF No. 13 at ¶¶ 72–77.)  In 1995, Defendant informed Plaintiff that a deal had been made with Milton Bradley for name rights, and that Mikohn, Inc. would distribute the games.  (ECF No. 13 at ¶ 74.)

In the late 1990's, Defendant filed applications for patents based on the games developed in the period up to 1992.  (ECF No. 13 ¶ 80–82.)  The applications were filed in the name of Defendant and a third party, but not Plaintiff.  (ECF No. 13 at ¶ 81–82.)  Plaintiff alleges that she was not informed of her rights or the distribution deal, and has not received any money generated from exploitation of the patents.  (ECF No. 13 at ¶¶ 83–86.)

In either 2006 or 2007, the Perries formally filed for divorce.  (ECF No. 4 Ex. B at 37.)  In the original Complaint Plaintiff alleged she became aware that she was wrongfully omitted as an inventor of the patents in light of the divorce proceedings.  (ECF No. 1 at ¶ 110.)  In the FAC Plaintiff alleges that it was not until 2010, while researching for her divorce proceedings, that she "became aware of patents filed in Kenneth Allan Perrie and Olaf Vancura's names."  (ECF No. 13 at ¶ 97.)  Plaintiff filed for Chapter 7 bankruptcy in 2008.  (ECF No. 4 Ex. A at 3.)  The schedule of assets filed pursuant to her bankruptcy case failed to disclose any pending causes of

action or ownership of patents, but it did list an ownership interest in the company valued at $0. (ECF No. 4 Ex. A at 6–9.)

On August 8, 2014, Plaintiff filed a Complaint for Equitable Relief and Damages. (ECF No. 1.) On October 31, 2014, Defendant filed a Motion to Dismiss. (ECF No. 4.) On June 19, 2015, the Court granted Defendant's Motion to Dismiss with leave to amend. (ECF No. 12.) On, July 9, 2015, Plaintiff filed a First Amended Complaint. (ECF No. 13.) On July 20, 2015, Defendant filed the instant Motion to Dismiss. (ECF No. 14.)

## II.  STANDARDS OF LAW

A motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Federal Rule of Civil Procedure 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). Under notice pleading in federal court, the complaint must "give the defendant fair notice of what the claim . . . is and the grounds upon which it rests." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted). "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

On a motion to dismiss, the factual allegations of the complaint must be accepted as true. *Cruz v. Beto*, 405 U.S. 319, 322 (1972). A court is bound to give plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. *Retail Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963). A plaintiff need not allege "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to relief." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556 (2007)).

Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of factual allegations." *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir.

1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *See also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"). Moreover, it is inappropriate to assume that the plaintiff "can prove facts that it has not alleged or that the defendants have violated the…laws in ways that have not been alleged[.]" *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 697 (quoting *Twombly*, 550 U.S. at 570). Only where a plaintiff fails to "nudge[] [his or her] claims … across the line from conceivable to plausible[,]" is the complaint properly dismissed. *Id.* at 680. While the plausibility requirement is not akin to a probability requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. This plausibility inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

In ruling upon a motion to dismiss, the court may consider only the complaint, any exhibits thereto, and matters which may be judicially noticed pursuant to Federal Rule of Evidence 201. *See Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988); *Isuzu Motors Ltd. v. Consumers Union of United States, Inc.*, 12 F. Supp. 2d 1035, 1042 (C.D. Cal. 1998).

If a complaint fails to state a plausible claim, "[a] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 484, 497 (9th Cir. 1995)); *see also Gardner v. Marino*, 563 F.3d 981, 990 (9th Cir. 2009) (finding no abuse of discretion in denying leave to amend when amendment would be futile). Although a district court should

freely give leave to amend when justice so requires under Rule 15(a)(2), "the court's discretion to deny such leave is 'particularly broad' where the plaintiff has previously amended its complaint[.]" *Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir. 2013) (quoting *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004)).

### III. ANALYSIS

Plaintiff brings this suit against Defendant seeking declaratory relief under 28 U.S.C. §§ 2201 and/or 2202, and alleges unjust enrichment, breach of fiduciary duty, and breach of express and implied contract. (ECF No. 13 at 1.)

Defendant argues, *inter alia*, that Plaintiff lacks standing because her causes of action belong to her bankruptcy estate. (ECF No. 14 at 6.) Defendant also argues that the claims are precluded by judicial estoppel (ECF No. 14 at 17), barred by laches (ECF No. 14 at 22), barred by equitable estoppel (ECF No. 4 at 25), and that the complaint lacks sufficient facts to state a claim. (ECF No. 14 at 26). Because the Court finds Plaintiff lacks standing, the Court need not decide the remaining allegations.

1. Judicial Notice

Defendants request that the Court take judicial notice of numerous documents. (ECF No. 16.) This Court may take judicial notice of facts that can be "accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). The Ninth Circuit has held that proceedings and determinations of the courts are a matter of public record suitable for judicial notice. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1198 (9th Cir. 1988). The Court will take notice, if appropriate, in order to show when Plaintiff knew of the patents.

### a. Court Documents (Exhibits A, B, C, D, I, J, and K)

Defendant has requested that the court take judicial notice of a certified copy of Ms. Perrie's Order To Show Cause motion filed on November 20, 2007, from the Perries' divorce proceedings (Exhibit A), the Declaration of Plaintiff's attorney of record Re: Case Management Plan, Dissomaster ™ Calculations and Pending Issues for the Perries' divorce proceedings (Exhibit B), the Minute Order from the January 30, 2008 hearing held in the Nevada County

Superior Court, Case No. FL07-04711 (Exhibit C), the Findings and Order After Hearing Filed on February 14, 2008, in the Nevada County Superior Court, Case No. FL07-04711 (Exhibit D), the Statement of Decision on Bifurcated Issue of Date of Separation on September 24, 2012, filed in the Nevada County Superior Court dissolution of marriage action, Case No. FL07-04711 (Exhibit K), Preliminary Schedule of Assets and Debts estimating value of Essex Enterprises and Mikohn Gaming – Slot Deal (Exhibit I), and Ms. Perrie's Schedule forms and her Discharge of Debtor form, including Schedule B – Personal Property from Plaintiff's bankruptcy pleadings (Exhibit J). (ECF No. 16.) Exhibits A, B, C, D, I, J, and K are court documents of public record. Therefore, the request for judicial notice of Exhibits A, B, C, D, I, J, and K is GRANTED.

### b. Deposition Transcripts (Exhibits E and F)

Defendant also requests judicial notice of ECF No. 16, the Reporter's Transcript of the Deposition of Kenneth Perrie, Volume 1, taken on August 20, 2008 (Exhibit E) and the Reporter's Transcript of the Deposition of Kenneth Perrie, Volume II, taken August 21, 2008 (Exhibit F). (ECF No. 16.) Exhibits E and F are deposition transcripts. (ECF No. 16 at ¶¶ 6–7.) The Court may take judicial notice of proceedings in other courts as long as those proceedings have a direct relation to the matters at issue. *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007). However, "[t]he contents of a deposition are not a clearly established 'fact' and are therefore inappropriate for judicial notice." *Roach v. Snook*, No. 1:14-CV-00583-PA, 2014 WL 7467000, at *2 (D. Or. Jan. 5, 2014) (citing *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 386 (9th Cir. 2010)). Thus, judicial notice is GRANTED in part. The Court will consider the depositions concerning the fact that certain statements were made during the aforementioned deposition and the effect they had on those present, but not for the factual contentions presented in the depositions.

### c. License Agreement (Exhibit G)

Defendant has requested the Court take judicial notice of Exhibit G (the License Agreement between Olaf Vancura, Kenneth Perrie and Mikohn Gaming Corporation). (Decl. Regarding Authentication of Docs., ECF No. 15 at ¶ 7.) Additionally, Defendant notes that the license agreement was handed to Plaintiff's divorce attorney during deposition. (ECF No. 15 at ¶

6

7.) "Courts can consider documents that are referenced in the complaint under the 'incorporation by reference' doctrine." *Oklahoma Firefighters Pension & Ret. Sys. v. IXIA*, 50 F. Supp. 3d 1328, 1349 (C.D. Cal. 2014) (citing *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1405 (9th Cir. 1996)). In paragraph 74, the FAC explains that "a deal had been completed with Milton Bradley for the name, rights and Mikohn gaming would distribute the resulting games based on popular Milton Bradley board games." (ECF No. 13 at ¶ 74; *see also* ECF No. 13 at ¶¶ 74–91.) Here, Plaintiff referenced Exhibit G in the FAC. (ECF No. 13 at ¶ 74). Hence, pursuant to the incorporation by reference doctrine, Defendant's request for judicial notice for Exhibit G is GRANTED.

### d. Correspondence to Plaintiff's attorney (Exhibit H)

Defendant requests judicial notice of the Letter to Plaintiff's divorce attorney identifying documents offered during Mr. Perrie's deposition (Exhibit H). (ECF No. 16 at ¶ 8.) However, because the accuracy of this correspondence could be reasonably questioned it is not proper for judicial notice. Fed. R. Evid. 201(b)(2). Defendant's request for judicial notice of Exhibit H is hereby DENIED.

2. Standing

Article III of the Constitution requires federal courts to satisfy the "threshold question" of standing before reaching the merits of a claim. *Nevada v. Burford*, 918 F.2d 854, 856 (9th Cir. 1990). The first requirement to establish standing is an "injury in fact," defined as an "invasion of a legally protected interest." *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560 (1992).

All "legal or equitable interests" of a debtor are ceded to the bankruptcy estate when bankruptcy proceedings are initiated. 11 U.S.C. § 541(a)(1). Causes of action are included within the broad scope of property interests that belong to the bankruptcy estate. *Sierra Switchboard Co. v. Westinghouse Elec. Corp.*, 789 F.2d 705, 707 (9th Cir. 1986) (citing *United States v. Whiting Pools, Inc.*, 462 U.S. 198, 205 n.9 (1983)). Therefore, in the bankruptcy context the debtor will no longer have standing for a cause of action that belongs to the bankruptcy estate. *Turner v. Cook*, 362 F.3d 1219, 1225–26 (9th Cir. 2004); s*ee, e.g.*, *In re Engram*, 348 Fed. App. 305, 306 (9th Cir. 2009) (affirming dismissal by bankruptcy court because the cause of action

belonged to the bankruptcy estate). Instead, the trustee of the bankruptcy estate becomes the real party in interest with standing to sue or be sued on behalf of the estate. 11 U.S.C. § 323; *In re Eisen*, 31 F.3d 1447, 1451 n.2 (9th Cir. 1994). "Absent abandonment of an asset, the trustee remains the sole representative of the estate." *Vertkin v. Wells Fargo Home Mortgage*, No. C 10-00775 RS, 2010 WL 3619798, at *2 (N.D. Cal. Sept. 9, 2010).

The facts of the instant case are analogous to those in *Cobb v. Aurora Loan Services, LLC*, 408 B.R. 351 (E.D. Cal. 2009). In *Cobb*, the court granted a motion to dismiss because the plaintiff did not have standing to prosecute a claim that belonged to the bankruptcy estate. *Id.* at 354. The plaintiff sought to prosecute a cause of action after filing for Chapter 7 bankruptcy. *Id.* The transaction from which the cause of action arose occurred prior to the plaintiff's filing for bankruptcy. *Id.* Therefore, the court found that the cause of action was property of the bankruptcy estate. *Id.* As a result, the plaintiff did not have standing to prosecute the claim because they were not a real party in interest, and the motion to dismiss was granted. *Id.* at 355.

Here, Plaintiff also seeks to prosecute causes of action after filing for Chapter 7 bankruptcy. Plaintiff filed for bankruptcy on July 1, 2008. (Ex. A at 3; ECF No. 4.) The period of game development from which the instant causes of action derive occurred between 1982 and 1994. (ECF No. 13 at ¶¶ 61–63.) As in *Cobb*, the transactions from which the causes of action arose took place prior to Plaintiff filing for bankruptcy. *Cobb*, 408 B.R. at 354.

The Court finds that Plaintiff is clearly taking an inconsistent position. Plaintiff failed to list her patent claims as assets in her bankruptcy schedule, filed on July 1, 2008. (ECF No. 4 Ex. A at 6–9.) Plaintiff now claims she was a co-inventor of the patent claims and asserts claims against Defendant. (ECF No. 13 at ¶ 81.) Plaintiff justifies this discrepancy by arguing that she became aware of the patents after her 2008 bankruptcy "in 2010, while researching Kenneth Allan Perrie and Olaf Vancura's names." (ECF No. 13 at ¶ 97.)

Further, despite the fact that Plaintiff's Original Complaint was dismissed due to lack of standing, Plaintiff never directly addresses standing in her Opposition to Motion to Dismiss. Plaintiff's only argument refuting standing is that since she was unaware of her patent claims and could not have made the determination of patent ownership without reviewing her claims with a

patent attorney, "the bankruptcy argument is without merit." (ECF No. 19 at ¶¶ 20–21.) Plaintiff fails to provide any authority or analysis to support the conclusion that the her alleged lack of awareness of the patents or lack of awareness of her right to those patents should even allow her to have standing.

However, that point is moot since Defendant presents overwhelming evidence that Ms. Perrie did in fact know about the patents and was attempting to develop claims regarding those patents before bankruptcy concluded. Plaintiff's bankruptcy was discharged on December 3, 2008. (ECF No. 15 Ex. J.) On January 28, 2008, Plaintiff's attorney of record's Declaration contained a statement that he was aware that Defendant was receiving royalties from his patents. (ECF No. 15 Ex. B at ¶ 9.) Additionally, attached to the Declaration is the attorney's Case Management Statement which identifies issues and planned discovery related to patents and royalties. (ECF No. 15 Ex. B.) Furthermore, on August 20, 2008, Plaintiff was in attendance at a deposition of Defendant where he explained that he had patents with his partner Olaf Vancura. (ECF No. 15 Ex. E at 2, 237–238.) Plaintiff contends she never saw a copy of the Mikohn contract until 2011. (ECF No. 13 at ¶ 90.) However, deposition testimony from August 21, 2008, reveals that Defendant produced the contract to Plaintiff's attorney. (ECF No. 15 Ex. F at 271–272.)

Moreover, Plaintiff alleges that despite her supposedly integral involvement in the early development of the company, she never realized she should have an interest in the company's intellectual properties. (ECF No. 13 at ¶¶ 96–98.) Plaintiff alleges that through an internet search Plaintiff discovered that Defendant had eluded her since the early nineties all the way until 2010. (ECF No. 13 at ¶ 97.) Conveniently, Plaintiff discovered her interest in the company's intellectual properties two years after her bankruptcy. The Court is not convinced that Plaintiff was unaware of her patent claims during her bankruptcy or that her awareness is even relevant. Because the bankruptcy trustee has not abandoned Plaintiff's claims, Plaintiff does not have standing to assert a claim. Therefore, Plaintiff's claims are dismissed.

///

///

3.  <u>Plaintiff's Claims for Declaratory Relief</u>

     **a. Claims for declaratory relief cannot standalone.**

Plaintiff has made several claims for declaratory relief in order to correct inventorship and ownership of several patents. (ECF No. 13.) As previously addressed, due to Plaintiff's bankruptcy all of her "legal or equitable interests" were ceded to the bankruptcy estate when the bankruptcy proceedings were initiated. 11 U.S.C. § 541(a)(1). It is unclear whether Plaintiff is seeking a claim consisting of inventorship simply to be named in the patents as an inventor. Although, inventorship is not a legal or equitable interest that would be seized by a bankruptcy estate, 11 U.S.C. § 541(a)(1), "the Declaratory Judgment Act does not provide an independent jurisdictional basis for suits in federal court. . . It only permits the district court to adopt a specific remedy when jurisdiction exists." *Fiedler v. Clark*, 714 F.2d 77, 79 (9th Cir. 1983). Plaintiff is barred from asserting all of her other claims due to lack of standing. Because declaratory relief is not a standalone claim, Plaintiff's claims for declaratory relief are also dismissed.

**IV.  CONCLUSION**

For the reasons set forth above, the Court hereby **GRANTS** Defendant's Motion to Dismiss Plaintiff's First Amended Complaint. The Court has provided Plaintiff with previous opportunities to amend and finds that she is unable to allege facts that would allow her to bring the instant claims. *See Gardner v. Marino*, 563 F.3d 981, 990 (9th Cir. 2009) (finding no abuse of discretion in denying leave to amend when amendment would be futile). Therefore, Defendant's Motion to Dismiss (ECF No. 14) is **GRANTED WITHOUT LEAVE TO AMEND**.

**IT IS SO ORDERED.**

Dated: March 18, 2016

                                                  Troy L. Nunley
                                                  United States District Judge